THE STATE, JAMES P. JONES ET AL., PROSECUTORS, v.
JAMES J. COOK.

| 54 | 513 |
| 57 | 540 |
| 54 | 513 |
| 58 | 561 |
| 54 | 513 |
| 66 | 503 |

The demand in a justice's court set out a joint contract of Jones & Smith. Upon trial of an appeal in the Common Pleas from a judgment against both defendants, the proofs established that the contract sued on was not the joint contract of the defendants, but the several contract of Smith. Upon objection, the Common Pleas did not amend the process and pleadings so as to discharge Jones, although the power to make such amendment existed, for the proviso to section 113 of the Justices' Court act did not apply. *Held,* that upon payment by Cook, the plaintiff below, of the costs of Jones, a *nolle prosequi* against Jones may be entered, and the proceedings properly amended to support a judgment against Smith, and, thereupon, such judgment will be affirmed.

On *certiorari* removing to this court a judgment of the Warren Common Pleas affirming a judgment in the court for the trial of small causes, in favor of the defendant here against the prosecutors.

Argued at November Term, 1891, before Justices SCUDDER and MAGIE.

For the prosecutors, *George M. Shipman.*

For the defendant, *L. DeWitt Taylor.*

The opinion of the court was delivered by

MAGIE, J.   The first and second reasons assigned by prosecutors for the reversal of the judgment brought here by this *certiorari*, relate to the sufficiency of the state of demand.   The action was in contract and the contention is that the demand sounds in tort.

The demand lacks precision of statement, but after consideration, I think, it contains a sufficient statement of an implied contract on the part of prosecutors (who were defendants below), to repay to plaintiff (the defendant here) money of his, had and received by them to his use.

This objection cannot avail prosecutors.

The third and fourth reasons assail the judgment, upon the ground that no evidence whatever was laid before the court below of the existence of the contract alleged in the state of demand.

The contract disclosed by the demand was the joint contract of Smith & Jones, the prosecutors; the contention is that the proofs showed that no such contract was ever made.

The state of the case agreed on by counsel shows that the facts before the court on which their judgment was founded, were the following:

One Tinsman was employed by Cook, the defendant here, to ship peaches to market.   The peaches were Cook's property.   In payment for a consignment of peaches, Tinsman received a check for $29.50, drawn to his (Tinsman's) order.   He took the check to a store in which Smith & Jones were carrying on a mercantile business as partners, and asked Smith if he could cash it.   Smith agreed to cash the check, but after getting possession of it, refused to do so, and told Tinsman that he would credit its amount on an account against Tinsman in the books of a former firm (no longer in business) composed of one Prall and the two prosecutors, and doing business as Prall, Jones & Co.   Tinsman protested against that disposition of the check.   There was conflicting evidence as to whether Tinsman then informed Smith that the check and its proceeds belonged to Cook and not to Tinsman.   The weight

·of this evidence we cannot determine.   The court below must have found the fact to be that notice of Cook's ownership was ·given to Smith, for otherwise the privity of contract necessary to sustain the action would not have existed.   *Nolan* v. *Man- ton*, 17 *Vroom* 231.   Smith did give credit on Tinsman's ac- ·count, and the check was endorsed by Prall, Jones & Co., and its proceeds collected.   Jones took no part in the transaction and obtained no benefit therefrom except as a partner in the former firm of Prall, Jones & Co.

The question then is, Whether, upon any reasonable con- struction of the evidence most favorable to the support of the judgment, a joint contract by Smith & Jones was estab- lished?

Assuming that the act of Smith in acquiring the proceeds ·of the check was a wrong done to Cook, and that the latter ·could waive the tort and maintain *assumpsit* for it (*Randolph I. Co.* v. *Elliott*, 5 *Vroom* 184), what implied undertaking ·arose from the facts?   Manifestly the undertaking implied ·was either that of Smith alone or that of Smith, Jones & Prall jointly.

Will such an undertaking support a judgment against ·Smith & Jones?

The thirty-seventh and thirty-eighth sections of the Practice ·act (*Rev., p.* 853) are not applicable to the courts for the trial ·of small causes or the Common Pleas in the trial of appeals therefrom.   Upon proof of a contract variant in respect to the contracting parties from that laid in the demand, the de- fendants below might demand a non-suit.   *Paterson* v. *Lough- ridge*, 13 *Vroom* 21.

But if the facts showed a contract by one of the defendants, a *nolle prosequi* as to the other might have been applied for and an effective judgment secured against that one who was shown to be liable.   *Wills* v. *Shinn*, 13 *Vroom* 138; *Craft* v. *Smith*, 6 *Id.* 302.   Such a *nolle prosequi* is in the nature of an amendment.   *Craft* v. *Smith, supra.*

In my judgment the facts shown and assumed to have been found by the court below undoubtedly establish a liability on

the part of Smith to Cook. The facts do not exhibit any liability on the part of Jones nor of Prall. Neither of them knew that Smith had obtained the check under the false pretence that he would cash it. Neither of them committed or ratified the tort of Smith in crediting the check to Tinsman's account against his protest and knowing it to belong to Cook.

Can the judgment be supported against Smith by now amending the proceedings and directing the entry of a *nolle prosequi* against Jones? Such a course seems to have been approved by this court, but the question was not directly presented. *Wills* v. *Shinn, supra.*

If the court possesses power to now amend these proceedings in the respect necessary to maintain the judgment against Smith, it is by virtue of section 138 of the Practice act (*Rev., p.* 869), which gives the amplest power to amend in "any proceeding in civil causes." This language seems broad enough to cover those actions which, though prosecuted before a statutory tribunal, have all the qualities of civil causes and are constantly so called.

By section 113 of the Justices' Court act (*Rev., p.* 559) the provisions of section 138 of the Practice act were applied to the courts constituted by that act and the Common Pleas in the trial of appeals, with the singular proviso that, if an objection was made to any process or pleading before the justice which might be cured by amendment, and no amendment was made in his court, the Common Pleas should not have power to amend in that respect.

It appears from the case furnished us that an application to non-suit was made in the justice's court on account of the supposed defects of the state of demand, but that no application of that sort was made after the case had been rested on the ground of failure of proof of the joint liability of Smith & Jones.

If it appeared that relief had been asked because the joint liability had not been shown, which relief could have been afforded by amendment, we should be bound by the authority of *Fine* v. *High Bridge, &c.,* 15 *Vroom* 148, to hold, that—

no amendment having been made by the justice—none could afterward be made either by the Common Pleas or by this court when reviewing the cause by *certiorari.* The decision in that case was put upon the restriction on the power of amendment contained in the proviso to section 113 of the Justices' Court act.

But the decision is not applicable here, for since there was no objection made before the justice, to cure which the proposed amendment would have been appropriate, the Common Pleas had power, on the objection being there made, to cure it by amendment.

The provisions of section 138 of the Practice act are broad enough to cover cases brought to this court from the justices' court or the Common Pleas sitting as a court of appeal, and to justify and require any amendment to be made which will determine in the existing suit the real question in controversy between the parties.

Where there is a doubt whether such real question has been actually and completely litigated, no amendment should be made. *Wills* v. *Shinn, supra.* But when it is apparent that the whole controversy has been tried with all the evidence which either party could produce, and the real right appears, then an amendment should be made if no injustice to any party be done thereby. *Am. Pop. L. Ins. Co.* v. *Day,* 10 *Vroom* 89 ; *Ware* v. *Millville F. Ins. Co.,* 16 *Id.* 177 ; *Redstrake* v. *Cumberland Ins. Co.,* 15 *Id.* 294.

The only question is as to Jones, one of the prosecutors, who has been compelled to litigate Cook's claim through three courts, when a prompt attention to the real merits of the claim should have led to his being at once discharged from liability by a *nolle prosequi.* But he can be put in as good a position as if the judgment were reversed. No injustice will then be done him.

The defendant, Cook, may take an order that on payment of the costs of Jones in all the courts in which this cause has been, he may amend the process, pleadings and·record by striking therefrom Jones' name, and by appropriate alterations

making the record exhibit a claim and judgment against Smith alone, and thereupon he may take an order affirming the judgment as thus amended.