THE STATE, THE JOY & SELIGER COMPANY, PROSECUTOR,
v. ISIDORE BLUM.

1. An action may be instituted in the District Court of Newark against a corporation to recover $200.
2. No jury was demanded on the trial below, and therefore the question cannot be considered whether the prosecutor was entitled to a jury trial without prepayment of the jury fees.
3. The act of March 24th, 1892, changed the practice which existed under the act of 1873, and required the Common Pleas to enter judgment final on an appeal from the District Court.

On *certiorari.*

Argued at February Term, 1893, before Justices VAN SYCKEL and GARRISON.

For the plaintiff, *Frank E. Bradner.*

For the defendant, *Louis Hood.*

The opinion of the court was delivered by

VAN SYCKEL, J.  This suit was instituted by Isidore Blum, in the District Court of Newark, against the plaintiff in *certiorari,* a company incorporated under the laws of this state, to recover the sum of $200 for an alleged breach of contract of hiring.

Blum recovered a judgment in the District Court for the sum of $200, which was affirmed on appeal to the Essex Pleas.  This judgment has been certified into this court for review.

The first reason relied upon for reversal is that the District Court had not jurisdiction to render a judgment for more than $100 against a corporation.

The act establishing District Courts in the city of Newark (*Pamph. L.* 1873, *p.* 245) confers upon them the civil jurisdiction exercised by justices of the peace, under the act enti-

tled "An act constituting courts for the trial of small causes," approved April 16th, 1846, and the several supplements thereto.

Under the act of 1846, a civil suit to recover $100 could have been brought against a corporation.

By an act entitled "An act concerning District Courts in this state created by special statute," approved March 20th, 1878 (*Rev. Sup.*, *p.* 265), the jurisdiction of the District Courts of Newark was extended to the sum of $200.

The point made by the relator is that there has been no legislation expressly enlarging the jurisdiction of these District Courts in respect to corporations, and that, therefore, the enlarging act does not apply to suits against corporate defendants.

At the time said District Courts were created, the court for the trial of small causes had jurisdiction to the extent of $100, in suits by or against bodies politic or corporate, as well as those by or against individuals. *Nix. Dig.* (1861), *p.* 421, § 1, and *p.* 433, § 76.

Prior, therefore, to the passage of the act of 1878, a suit could have been prosecuted in the District Court by or against a corporation for a sum not in excess of $100.

Jurisdiction was conferred upon the court as fully where the former as where the latter was a party; the limitation was as to the amount involved.

When, therefore, the legislation of 1878 provided that the jurisdiction of the District Court should be extended to every suit of a civil nature at law, in which the debt or matter in dispute, exclusive of costs, did not exceed the sum of $200, without making any exception of parties, it was equivalent to an express declaration that, in every instance in which the court previously had jurisdiction to the extent of $100, it should thereafter have jurisdiction in double that sum. It included corporations as clearly as natural persons.

*Koch* v. *Vanderhoof*, 20 *Vroom* 619, does not support the prosecutor's case.

The conclusion of this court in that case is that, in statutes passed at various times between 1798 and 1878, the phrase " every suit of a civil nature at law " was intended not to include actions for statutory penalties, and that the same phrase, when used in the statutes of 1878 and 1882, must receive the like interpretation.

The result was that the District Court in which that suit was instituted had no jurisdiction over actions for statutory penalties beyond $100.

The second reason relied upon is that the prosecutor was deprived of the right of trial by jury in the District Court.

Under the District Court act of 1873, the court has no power to grant a venire without payment of the costs and fees by the party demanding it, and so the law stood when the amended constitution was adopted.

Prior to the act of 1878, before referred to, a suit for the sum of $200 must have been instituted in a court where a jury could have been demanded without payment of jury fees.    It is therefore claimed that the said act of 1878, making a party triable in a court where he must pay costs and charges, impairs the right of trial by jury and is void so far as it increases jurisdiction.    It must be assumed, in this case, that a jury was not demanded on the trial in the court below, as the record before us fails to show that such demand was made.

The right of trial by jury may be waived; and where a party goes to trial before the court without a jury and without objection, he cannot afterwards complain.    *Wanser* v. *Atkinson*, 14 *Vroom* 571 ; *Brant* v. *Froehlich*, 20 *Id.* 336.

The prosecutor having waived his right of trial by jury, it is unnecessary to consider the constitutional question.

By the act of 1878, the District Court has jurisdiction to the extent of $200, and, as causes are triable without a jury, the question whether legal provision has been made for jury trial is not before us.

As to the third point made by the prosecutor, it is sufficient to say that it is not competent to contradict the record, which

shows that three judges of the Common Pleas were present when the cause was heard and determined in that court.

The fourth objection, that it does not appear that the Common Pleas found, as a fact, that the plaintiff below was discharged from service without justifiable cause, is equally untenable. The record shows that the said court found, as facts in the cause, that the plaintiff was employed by the defendant for a definite term, and that, prior to the expiration of his term of employment, he was discharged without reasonable cause. If there was no reasonable cause for discharging him, his discharge was not justifiable.

The last objection taken to the validity of the certified proceedings is that a final judgment was entered in the Court of Common Pleas. The prosecutor insists that, under the case of *Guerin* v. *Rodwell*, 8 *Vroom* 71, a final judgment cannot be entered in the Pleas, but that an order must be made by that court directing the District Court to enter judgment. Such was the construction by this court, in the case cited, of the act of 1873.

On the 24th of March, 1892, an act was passed entitled "An act concerning appeals from District Courts in this state."

This act provides that, from any judgment obtained in any District Court of this state where the debt, demand or matter in dispute, exclusive of costs, be for a sum not less than $25, either party may appeal, both as to matter of law and fact, to the Court of Common Pleas of the county, and that the causes thus appealed shall be tried *de novo* in the Pleas.

This statute changed the practice and made it necessary for Common Pleas to render judgment final, and there is no error in this respect.

The proceedings below should be affirmed and the *certiorari* dismissed, with costs.