GABRIELE VALENTINO v. WILLIAM H. BIRD.

The act of March 24th, 1892 (*Pamph. L.*, p. 257), impliedly confers upon the Court of Common Pleas power to try the issues involved in a case appealed from any District Court, in the same manner as the latter court is empowered to try the same, viz., with a jury, if a jury be demanded, and, if no such demand be made, without a jury.

On *certiorari.*

Argued at June Term, 1894, before Justices MAGIE and GARRISON.

For the prosecutor, *James M. Trimble.*

For the defendant, *Elwood C. Harris.*

The opinion of the court was delivered by

MAGIE, J. The "Act concerning appeals from district courts in this state," approved March 24th, 1892 (*Pamph. L., p.* 257), is plainly designed to enlarge the jurisdiction of the Court of Common Pleas upon such appeals. Before, that court was only empowered to review questions of law raised by a state of the case. It could not render a judgment, but only direct what judgment should be entered in the District Court.

By the act above referred to, the enlarged jurisdiction is not conferred by express words, as such jurisdiction is conferred by the Justice's Court act. *Rev., p.* 554, § 85. But it has been held in this court to require the Common Pleas to enter judgment on such appeals. *Joy, &c., Co.* v. *Blum,* 26 *Vroom* 518. This decision must have proceeded on the ground that jurisdiction to render such judgment was conferred by implication. The implied power to render judgment must include power to do all that is essential to such judgment in respect to the trial of the matters in dispute. Upon appeals the Common Pleas do not exercise common-law jurisdiction, but only the statutory jurisdiction conferred. *Glover* v. *Collins,* 3 *Harr.* 232; *Schuyler* v. *Mills,* 4 *Dutcher* 137. The power conferred is to try the case before them on such appeal, *de novo,* both on law and fact. The implication is that the case is to be tried as the District Court is empowered to try it, and without a jury if no jury is demanded.

The return does not disclose any demand for a trial by jury. There is, therefore, nothing in the objection that the appeal was tried without a jury. Nor was it error to enter judgment in the Common Pleas.

It is unnecessary to decide whether, under the act of 1892, the Common Pleas is empowered to grant a new trial in such an appeal, or whether their action upon an application of that sort is reviewable, for the affidavits on the application in this case disclosed neither surprise nor merits so as to justify a new trial.

The decision in *Joy, &c., Co.* v. *Blum, ubi supra,* renders it

necessary to hold that the judgment in the Common Pleas must supersede the judgment of the District Court, which should · be, therefore, set aside and reversed if variant from the judgment above. This was not done in the case before us.

But this error was held amendable under the provisions of the Justice's Court act (*Cheeseman* v. *Cade*, 4 *Zab.* 632), and might probably be amended here. *Jones* v. *Cook*, 25 *Vroom* 513. But the established practice in such cases is to remit the record for correction and the entry of the proper judgment in the Common Pleas. *Mulcahy* v. *New Jersey Traction Co.*, *ante p.* 345.

Let the record be thus remitted for the correction indicated.