*29 Vroom.*                    Shangnuole v. Ohl.

THE STATE, VINCENZIO SHANGNUOLE, PROSECUTOR, v.
ADAM OHL, SURVIVING PARTNER, &c.

1.  Where an appeal has been taken from a District Court and trial had
    thereon *de novo*, in the Court of Common Pleas, this court will not,
    on *certiorari*, review disputed questions of fact, or controverted evi-
    dence, in order to reverse the judgment of the Court of Common Pleas,
    if there be any evidence which will sustain the judgment.
2.  In order to have the competency and the admissibility of evidence
    before the Court of Common Pleas reviewed upon *certiorari*, it must
    appear by the record that objection was made to such evidence on the
    trial.
3.  The failure of the Court of Common Pleas to formally reverse the
    judgment of the District Court, before entering judgment anew on the
    appeal, can be remedied either by an amendment in the Common
    Pleas or this court on the hearing of the *certiorari*.
4.  The failure of the Court of Common Pleas to include the costs below,
    in the District Court, in the judgment *de novo* rendered on appeal, is
    not cause for reversal.   If they are included in the taxed bill of costs
    and execution upon the judgment, a motion to retax is the proper
    remedy.   Besides, the error is one that is apparent and ·amendable at
    any time.

On *certiorari*.

Argued at November Term, 1895, before Justices GARRI-
SON and LIPPINCOTT.

For the prosecutor, *James M. Trimble.*

For the defendant, *Ernest F. Keer.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This *certiorari* is sued out by Vincenzio
Shangnuole to review a judgment of the Court of Common
Pleas of the county of Essex, on an appeal from the judgment
of the Second District Court of the city of Newark, wherein
Adam Ohl, surviving partner of the late firm of Ohl &
Hefner, was plaintiff, and Vincenzio Shangnuole was defend-

ant. The judgment in the District Court was in favor of Ohl and against Shangnuole, for the sum of $15 debt and $5.52 costs of suit. From this judgment Ohl appealed to the Court of Common Pleas. A trial was had in that court, *de novo*, and a judgment rendered in favor of Ohl and against Shangnuole, for the sum of $174.91 with costs to be taxed. The bill of costs taxed included the costs below and the costs in the Common Pleas.

The prosecutor now seeks to reverse the judgment of the Court of Common Pleas.

By one class of reasons, several in number, he urges that this judgment should be reversed, because the proof in the cause in the Common Pleas is not sufficient to sustain a recovery. There are several reasons stated in different phraseology directed to this point. The Court of Common Pleas has not certified any statement of fact upon which the judgment was founded, but has certified the entire evidence on both sides. The bill of particulars annexed to the state of demand or declaration includes about eighty items of account in favor of the plaintiff and against the prosecutor, amounting to $387.21. Several items of credit of payments are given, leaving a balance of $162.21, with interest thereon from July 1st, 1892. An examination of the evidence reveals no dispute about the credits. The items of the plaintiff's account were for work and materials done and furnished in repairing, at different times, a machine for the manufacture of macaroni. Several contracts for the work and materials were admitted in evidence in the Common Pleas, but they do not appear in the state of the case on which this review is had. The evidence is quite voluminous, and it has been examined carefully for the purpose of determining whether there was any evidence by which this judgment could be sustained. The evidence on the part of the plaintiff would sustain a recovery against the prosecutor for the amount claimed. The evidence on the part of the prosecutor, defendant below, is directed to the denial of the claim of the plaintiff, not so much to dispute the items of the account as to show that the workmanship

and materials were so defective that but a small sum, if any, remained due and owing. The work was alleged to have been done and materials furnished by the firm of Ohl & Hefner, of which Ohl was the surviving partner. Upon the questions of how much work was done, and the quantity and quality of the workmanship and materials furnished, there exists much disputed evidence. The Common Pleas determined these questions of fact and directed judgment against the prosecutor.

This disputed evidence will not be analyzed or reviewed here, except so far as to ascertain whether there was evidence produced on the trial which would reasonably sustain the finding by the trial court. The trial on the appeal was *de novo,* and every element of fact was before the court for its determination—the weight of evidence, the force and effect thereof, and the credibility of the witnesses, were all questions with which the court below was entitled to deal and determine.

It is not the province of this court, on *certiorari,* to determine disputed questions of fact or consider the weight of evidence, in order to reverse the judgment of the Court of Common Pleas on appeal from District Courts or Courts for the Trial of Small Causes, especially when there exists any evidence to support the finding of the court below. *Roehers* v. *Remhoff,* 26 *Vroom* 475, 478, and cases cited.

The reasons of the prosecutor directed to the sufficiency of the evidence below to support the judgment, cannot be sustained.

An objection is made in one of the reasons that the plaintiff below (Ohl) sues as surviving partner, and yet it is not shown by the evidence that Hefner, the other partner, is dead. From the proceedings, both before the District Court and the Court of Common Pleas, as certified, it is quite obvious that the trials were had upon the assumption that the other partner (Hefner) was dead. Ohl, in the summons, sues as surviving partner. The state of demand or declaration is in his name as surviving partner, and the account upon which

suit is brought is in the name of the late firm.   Ohl appealed as surviving partner, gave an appeal bond as such, and the cause was listed in his name, as surviving partner, on the calendar of the Court of Common Pleas.   The record certified reveals that no objection was ever made to a recovery on this ground.   In both courts the trial was had on the merits.

This objection comes too late.   If it had been objected either in the District Court or in the Court of Common Pleas at any time during the trials, the defect could have at once been cured by amendment and proof.   This objection, therefore, is not ground of reversal.   *Cole & Taylor* v. *Cliver*, 15 *Vroom* 212.

Another objection, as offered by one of the reasons, is that a certain book of account of the plaintiff below was improperly admitted in evidence on the trial in the Court of Common Pleas; and still another objection connected with the book is that after the book of account was admitted a copy thereof was used.   So far as the use of the copy was concerned, it was sworn that it was a true copy of the book, and its use was expressly assented to by the counsel of the prosecutor.   The nature of the book of account, so called, does not appear before us, and there is no evidence to show its character, except that it was kept by the plaintiff below and his bookkeeper.   A *certiorari* is in the nature of a writ of error, removing the judgment of these inferior tribunals, and before a reversal can be had upon the illegal admission of evidence, it must appear that objection was made to the admission of such evidence by the party seeking a review.   The record here reveals that at no time during the trial, or at any other time, was the admission of this book of account made the subject of objection.   For this reason, if for no other, there could be no reversal on this ground.   Besides, for aught that appears in this case, the book of account was properly admitted in evidence.

Again, it is insisted that the Court of Common Pleas, in giving judgment, did not include in such judgment the costs below, but allowed them to be taxed as a part of the costs

and included them as costs in the execution. These were costs for which the defendant below would have been liable, either as costs or as a part of the judgment, and therefore the error, if any, could not be at all disadvantageous to the prosecutor. He has not applied in the Common Pleas for any correction of the judgment or for any retaxation of costs. It is not shown, until this time, that he objected to this judgment for this reason. In this respect no substantial right of the prosecutor has been violated. Besides, the error, if there be any, is entirely amendable upon application. The error, if any, can be rectified upon a motion to retax the costs.

The only other reason urged for a reversal is that the Court of Common Pleas, instead of giving judgment upon the trial in that court, if the judgment of the District Court was found to be erroneous, it should have reversed the judgment of the District Court, and remitted the record for a new trial in the District Court. This objection, it seems to me, is fully answered by the statute.

By the provisions of the act entitled "An act concerning appeals from District Courts in this state," approved March 24th, 1892 (*Gen. Stat.*, p. 1264), an appeal to the Court of Common Pleas is given to both sides as to matters of law and fact, and that the cause shall be tried *de novo*, and upon such trial the Court of Common Pleas renders judgment anew. The statute very closely conforms to the statute allowing an appeal to the Court of Common Pleas from judgments rendered in the Courts for the Trial of Small Causes. It has been the practice, in form, to reverse the judgment in the Justice's Court and render judgment anew in the Court of Common Pleas. But this reversal is a mere matter of form and entirely amendable upon application. This error, if it exists, is so apparently formal that it is amendable upon this review. *Cheeseman* v. *Cade*, 4 *Zab.* 632; *Jones* v. *Cook*, 25 *Vroom* 513, 517. The Common Pleas enters judgment anew in the cause on appeal, and it supersedes the judgment of the District Court. *Joy & Seliger Co.* v. *Blum*, 26 *Vroom* 518. The trial on appeal is the exercise of a statutory jurisdiction.

*Glover* v. *Collins*, 3 *Harr.* 232; *Schuyler* v. *Mills*, 4 *Dutcher* 137. The appeal can be tried by a jury or without one. *Valentino* v. *Bird*, 28 *Vroom* 538.

The judgment of the Common Pleas must be affirmed.