THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, PROSECUTOR, v. STEPHEN KAZINSKI ET AL.

Submitted March 19, 1914—Decided June 17, 1914.

Chapter 228 of *Pamph. L.* 1908, *p.* 442, which confers upon the Common Pleas Court power to review convictions in summary proceedings had before a police justice, &c., is not unconstitutional as impairing the jurisdiction of the Supreme Court, since the statute amounts to a mere regulation and the judgment of the Common Pleas is ultimately supervised in the Supreme Court on *certiorari.*

On *certiorari.*

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutor, *Herbert Boggs.*

For the defendants, *Henry Carless.*

The opinion of the court was delivered by

TRENCHARD, J.   The defendant, Stephen Kazinski, was convicted in the Second Criminal Court of the city of Newark for violating a city ordinance and a fine was imposed upon him.

Pursuant to the provisions of chapter 228 of *Pamph. L.* 1908 (at *p.* 442) an order was made by the judge of the Essex Common Pleas directing that the proceedings had in the Second Criminal Court be brought before the Court of Common Pleas for review.

This writ brings up for review that order.

The act (*Pamph. L.* 1908, *p.* 442) provides that "upon application to the justice of the Supreme Court holding the circuit  *  *  *  or to the president judge of the Court of Common Pleas  *  *  *  by any person who has been convicted in any summary conviction had before any police justice,  *  *  *  who desires to have the legality of his conviction reviewed, such justice of the Supreme Court or president judge of the Court of Common Pleas shall order the complaint, warrant, proceedings and record of conviction to be forthwith brought before him, that the legality of such proceedings and conviction may be reviewed and determined; *  *  *."

The prosecutor argues that this act, in so far as it attempts to confer upon the Court of Common Pleas power to review proceedings of the police courts is unconstitutional, as, in effect, conferring upon the Common Pleas Court the power to review the proceedings of an inferior tribunal by *certiorari.*

We are of opinion that there is no merit in the contention.

It is true that in *Dufford* v. *Decue,* 31 *N. J. L.* 302; *Green* v. *Heritage,* 64 *Id.* 567, and *Flanagan* v. *Plainfield,* 44 *Id.* 118, it has been held that the Circuit Court cannot be given *certiorari* power, no matter under what name, for the reason that it is incompetent for the legislature to deprive this court

of its use of its prerogative writs to supervise the proceedings of inferior tribunals; but such is not the effect of the statute here invoked.

In *Green* v. *Heritage,* 64 *N. J. L.* 567, 572, it was said by Mr. Justice Van Syckel:

"A writ of error may, at the option of the litigant, be taken directly from the Circuit Court to the Court of Errors and Appeals, thereby passing the Supreme Court. To the extent that the power of the Circuit Court is amplified in this respect, what Chief Justice Beasley (in *Dufford* v. *Decue,* 31 *N. J. L.* 302) terms an anomaly is produced, and necessarily the exclusive jurisdiction of the Supreme Court is contracted and impaired."

In *Flanagan* v. *City of Plainfield, supra,* the question was whether or not the Circuit Courts could be empowered to issue the writ of *certiorari.* The court held that the act of 1874 making the exclusive method of review by *certiorari* to the Circuit Court was unconstitutional, because when a case on *certiorari* has been finally adjudged in the Circuit Court, that judgment may be taken for review directly to the Court of Errors and Appeals, whereby the Supreme Court would absolutely lose its control over the inferior tribunal. In reference to the appeal from the city court to the Court of Common Pleas, the court said (at *p.* 122) :

"The substitution by the act of 1873 of the right of appeal to the Common Pleas in the first instance, in the place of the remedy by *certiorari,* did not impair the jurisdiction of this court, for the judgment of the appellate tribunal is ultimately supervised here on *certiorari.* Such legislation, as is said in *Traphagen* v. *West Hoboken,* 39 *N. J. L.* 232, amounts to a mere regulation, and not to an amotion of the remedy by the prerogative writ out of this court."

In *Traphagen* v. *West Hoboken,* 39 *N. J. L.* 232, 236, the court said:

"Nor must it be understood that the legislature may not substitute for the remedy by *certiorari* that of appeal to the Common Pleas from the judgment of a justice of the peace,

for, in that case, this court ultimately supervises the action of the appellate tribunal, and, in effect, such legislative provision would amount to a mere regulation of the remedy. Cases of this character are, therefore, not within the constitutional prohibition."

The statute in question, in the case at bar, does not attempt to confer a power upon the Court of Common Pleas that has been denied to the Circuit Court, because, as was said in the case of Traphagen *v.* Hoboken, the Supreme Court ultimately supervises the action of the Court of Common Pleas. The Supreme Court may issue its writ of *certiorari* to that court, and it is, therefore, not deprived of its prerogative to supervise the inferior tribunals.

The order brought up for review will be affirmed, with costs.