CHARLES A. McCORMACK, PLAINTIFF-APPELLANT, v. SYL-
VESTER H. WILLIAMS, DEFENDANT-RESPONDENT.

Submitted July 6, 1915—Decided November 15, 1915.

1. In an action brought to recover the amount due upon certain
   promissory notes, the defendant admitted the making and de-
   livery of the instruments, but set up want of consideration to
   the knowledge of the plaintiff as a defence. The plaintiff offered
   the notes in evidence and rested. The defendant and two other
   witnesses called by him gave testimony which, if believed, showed
   that the notes in suit lacked consideration to support them. No
   witnesses were examined for the plaintiff, and, upon the con-
   clusion of the case the trial judge directed a verdict for the
   defendant. *Held*, that the notes are to be deemed *prima facie* to
   have been made for valuable consideration. They gave inherent
   evidence of validity. Because all the individual witnesses who
   testified gave evidence tending to show their invalidity, no mat-
   ter how strong that evidence, it raised, in effect, a conflict of
   testimony, and conflicting testimony is always for the jury.
2. At maturity promissory notes become subject to certain defences
   which previously did not exist, and the absence or failure of con-
   sideration is one of them, but it does not speak for itself; it is a
   matter of *defence* as against any person not a holder in due
   course, that is, not a holder before maturity without notice of any
   invalidity in the instruments.

On appeal from the Supreme Court.

For the appellant, *Wendell J. Wright.*

For the respondent, *Benjamin F. Jones.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   This appeal is from a judgment
entered in the Supreme Court on the direction of a verdict
for defendant by Judge Silzer, sitting in the Bergen County
Circuit Court, to whom the case had been referred for trial.

The action was brought to recover the amount due upon
certain promissory notes made by the defendant to William
V. A. Keeler.

The defendant by his answer admitted the making and delivery of the notes, but set up want of consideration to the knowledge of the plaintiff as a defence.

This appeal raises but one question, which is whether or not the learned trial judge erred in directing the verdict.

On the trial the plaintiff offered the notes in evidence and rested. The defendant and two other witnesses called by him gave testimony, which, if believed, showed that the notes in suit lacked consideration to support them in the hands of the plaintiff. No witnesses were examined for the plaintiff, and, upon the conclusion of the case, defendant's counsel asked for the direction of a verdict, but before he could state the ground upon which he rested the motion, the judge interrupted him and a colloquy took place. The motion was granted upon a ground which is to be gathered from the several observations made by the judge in the colloquy with counsel, which was as follows:

"Mr. Jones—I ask for a direction of a verdict on the ground——

"The Court—I will hear you, Mr. Wright.

"Mr. Wright—I think it is a matter to go to the jury as to whether they believe this testimony. I am prepared to argue to the jury from this testimony that it is unbelievable.

"The Court—In what way?

"Mr. Wright—I submit that a man who is worth twenty-five or thirty thousand dollars, personalty, cash and securities, going out to a strange country, who takes himself away from home, away from his friends, is not going to take along a few hundreds in his pockets, of notes—it is not a business transaction. Here is a man who has plenty; had the cash; had $2,500 cash from his business.

"The Court—That may all be so; but these men have all testified so, and that is no contradiction of it.

"Mr. Wright—There is a presumption of consideration. The notes themselves presume consideration. I think it is for the jury to say whether there was a consideration or whether there was not. It is a question of fact.

"The Court—I do not think that follows. They have testified that these notes never came into existence at all, and there is no contradiction of it. They explain how they overcome the presumption, overcome the presumption of their existence by showing how they came to life.

"Mr. Wright—These notes were found in the possession of third parties, and there is a presumption there that there was a consideration, a valid consideration for the notes. They come in and say that there was no consideration, and tell a story which I submit is not credible. I say it is a question of fact. It may be of presumption; I say it is not a matter of law.

"The Court—I will direct a verdict in this case. Gentlemen of the jury, it does not seem to me that there is anything else to do in this case, under all the testimony, but to direct a verdict for the defence.

"Mr. Wright—Will the court say whether that is on a matter of law or matter of fact?

"The Court—On the whole case as it stands. There is no evidence to overcome the proof as made by the defendant that there is no consideration.

"Mr. Wright—I would like to note an objection and exception.

"The Court—Yes, I will allow an exception."

Thus it appears that the verdict was directed upon the ground that there was no contradiction of the testimony offered by the defendant tending to prove that the notes lacked consideration to support them.

Our Negotiable Instrument act (*Comp. Stat., p.* 3734), provides in section 24 that every negotiable instrument shall be deemed *prima facie* to have been issued for a valuable consideration, and that every person whose signature appears thereon is deemed to have become a party thereto for value. Therefore, when the plaintiff proved the notes in suit, offered them and rested, he established a *prima facie* case. And that entitled him to go to the jury. *Polhemus* v. *Prudential Realty Corporation,* 74 *N. J. L.* 570, 580. The notes spoke

for themselves. They gave inherent evidence of validity. Because all the individual witnesses who testified gave evidence tending to show their invalidity, no matter how strong that evidence, it raised, in effect, a conflict of testimony; and conflicting testimony is always for the jury. *Dickinson* v. *Erie Railroad Co.*, 85 *Id.* 586. In that case it was held in this court that a trial judge is only justified in granting a nonsuit or directing a verdict upon a court question arising from the admitted or uncontroverted facts of a case. See, also, *Clark* v. *Public Service Electric Co.*, 86 *Id.* 144; *Schmidt* v. *Marconi Wireless Telephone Co., Id.* 183.

Nor is the situation any different because it was contended that the plaintiff procured the notes after maturity. At maturity promissory notes become subject to certain defences which previously did not exist, and in section 28 of our Negotiable Instrument act (*supra*), it is expressly provided that the absence or failure of consideration shall be matter of *defence* as against any person not a holder in due course, that is, not a holder before maturity without notice of any invalidity in the instruments. This defence does not speak for itself, it has to be interposed and proved.

In our opinion the trial judge should have submitted the issue in this case to the jury for their determination and, because he directed a verdict for the defendant, he erred.

Let the judgment be reversed to the end that a *venire de novo* may issue.

*For affirmance*—BERGEN, BLACK, HEPPENHEIMER, WILLIAMS, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, VREDENBURGH, TERHUNE, TAYLOR, JJ. 11.