## ISAAC REIMAN, RESPONDENT, v. WILKINSON, GADDIS & COMPANY, APPELLANT.

### Argued July 2, 1915—Decided November 15, 1915.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"This is an appeal from a judgment in the First District Court of the city of Newark, adjudging that certain goods which the appellant claims were sold to him by Max Botnick were subject to levy under execution issued on a judgment against Botnick. The goods were attempted to be transferred to claimant by Botnick by a bill of sale dated the 7th day of July, 1914. After sale and delivery, and on the 9th day of August, 1914, Wilkinson, Gaddis & Company recovered a judgment against Botnick for goods sold and delivered prior to the sale to the appellant, and caused the goods sold to appellant to be levied upon under an execution issued on the judgment, whereupon appellant served upon the officer holding the execution a notice that he claimed to own the goods, and thereupon proceedings were had under the statute to try the right to the title, the judgment creditor claiming that the sale having been made in bulk, was, under the statute relating to such sales, void as against the creditors of the seller. The claimant moved for a direction in his favor upon the ground that there was no evidence of bad faith on his part in making inquiry for creditors; that no fraud had been shown as it was only incumbent upon the claimant to give notice of the sale to such creditors as appeared on the list submitted by the vendor, which he had done. This motion was denied and its refusal is made a ground of appeal. The case shows that the claimant and Botnick had agreed to make a contract of purchase and sale; that they went to an attorney of the claimant for the purpose of having a contract drawn; that both parties were then informed that the sale being in bulk, it was necessary to have a list of the creditors and to give

them five days' notice before the sale; that Botnick furnished such a list, and the attorney asked him if those were all of his creditors, and particularly whether Wilkinson, Gaddis & Company was not a creditor, and he replied that they were not, and that the list was complete. The list was then made up and verified under oath by the seller that it contained the names of all his creditors. It also appeared, that proper notice was given all the creditors appearing on the list, and 'that after the time limit the purchase price was paid. It further appeared that two days after the list was sworn to Botnick, in looking over his papers, found a bill of Wilkinson, Gaddis & Company against him, and also that he owed another person on a judgment, and that he then told the attorney of the claimant that he had made a mistake as to these creditors, but this was not brought to the attention of the purchaser. There was evidence tending to show that before the bill of sale was delivered, and on the 2d day of July, the attorney had notice of the claim of Wilkinson, Gaddis & Company. The case also shows that the attorney, according to his own testimony, was the attorney of Botnick for the purpose of drawing up the bill of sale and distributing the money among his creditors, and there is no proof that Reiman, the purchaser, knew of the Wilkinson claim; all that appears on that subject is, that after Botnick told the attorney that he owed Wilkinson, Gaddis & Company, the attorney told Botnick to make some arrangement of it. The trial court held that the attorney was the agent of the appellant and that notice to him of the Wilkinson claim was notice to the claimant. We are not satisfied that this is correct, because the attorney testified that he was acting for Botnick, whose interest it was to have the sale go through.

"The statute relating to a sale in bulk declares such sale to be void as against the creditors of the seller, unless the purchaser shall in good faith for the purpose of giving the notice required, 'make inquiry of the seller and receive from him a list in writing of the names and places of residence or business of, and indebtedness to each and all of such creditors, and unless the purchaser shall, at least five days before the

consummation of the sale, give personal notice of said proposed sale to each of the creditors of the seller, as appearing on said list, or use reasonable diligence to cause personal notice to be given to them.' The next section makes it a misdemeanor if the seller knowingly make any false answer to such inquiries. We are of opinion that the purchaser in this case had complied with the law. He had been furnished with a list in the manner required by the statute, and after it was furnished the seller, upon inquiry, denied that he owed Wilkinson, Gaddis & Company anything, and unless the purchaser is to be charged with the knowledge thereafter given to the attorney, he had complied with the law, and paid over his money after notice had been given to all the creditors appearing on the list. If we adopt any other rule than a strict adherence to the statute, we will open the door through which many wrongs may enter. There was no evidence in this case of bad faith on the part of the purchaser, and if the seller furnished a false list, he is guilty of a misdemeanor, but that does not avoid the rights of the purchaser under the act.

"Our conclusion is, that there was no evidence to sustain the ruling of the trial court, and therefore no question to be submitted to the jury. The claimant was entitled to a direction and its refusal was error.

"The judgment will be reversed, but without costs in this court."

For the appellant, *Coult & Smith.*

For the respondent, *Joseph Kraemer.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court, reversing a judgment of the First District Court of Newark, which latter court under a claim of property adjudged that certain goods levied upon under an execution issued on a judgment against one Max Botnick were subject to the levy.

We concur in the views expressed in the opinion of the Supreme Court.

We question, however, the propriety of an appeal being taken from a judgment rendered on a claim of property in the District Court. Such a proceeding not being according to course of common law the appropriate remedy is the writ of *certiorari*. This is clearly to be gathered from what was said by Chief Justice Beasley, in *Berry* v. *Chamberlin,* 53 *N. J. L.* 463.

The method of procedure adopted in the present case was not challenged in the Supreme Court nor in this court, and the object of adverting to it is to make known that such practice does not receive the sanction of this court.

The judgment will be affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Parker, Minturn, Kalisch, Vredenburgh, Terhune, Heppenheimer, Williams, Taylor, JJ. 12.

*For reversal*—None.