CITY BANK OF BAYONNE, PLAINTIFF-APPELLANT, v. JOHN H. O'MARA, DEFENDANT, AND MARY HOCKE, CLAIMANT-RESPONDENT.

Argued November 5, 1915—Decided March 6, 1916.

1. *Certiorari* is the only proper method of review of the proceedings under a statutory claim of property levied on in execution, and an appeal bringing up such proceedings is liable to be dismissed by the court of its own motion.
2. *Semble*, that on the trial of such statutory claim the judge or other officer judicially presiding has power to direct a verdict in a proper case.
3. Possession of chattels is presumptive evidence of ownership, and if on the trial of a claim of property the defendant and claimant testify to ownership by the latter of goods in possession of the former, a dispute of fact is presented which should be submitted to the jury.

On appeal from the Hudson Common Pleas.

Before Justices PARKER, MINTURN and KALISCH.

For the appellant, *Aaron A. Melniker.*

For the respondent, *Roe, Runyon & Autenreith.*

The opinion of the court was delivered by

PARKER, J. The judicial proceeding sought to be reviewed on this appeal is the award of certain chattels to respondent, Mary Hocke, on the trial of a statutory claim of property in the Common Pleas.

We are not aware of any statute or judicial decision in this state sanctioning appeal (corresponding to the common law writ of error) as a legal method of reviewing this purely statutory proceeding. In *Levinson v. Godfrey,* 79 N. J. L. 212, an appeal from the determination of a claim of property in the District Court was considered *sub silentio,* and no doubt the point raised escaped the attention of the court be-

cause not raised by counsel. It is not raised in the case at bar; and while, in view of this fact, and of the manifest merit of the appeal, we have concluded to overlook the lapse in practice and deal with the case as if brought here on *certiorari*, we think it important not to pass it over in silence. The point is material, for if *certiorari* be the only proper method of review, it follows that frivolous and non-meritorious attempts to remove the record, which appeal, as a matter of right, would facilitate, will be cut off by the timely refusal of an *allocatur* in *certiorari*.

Taking up the question itself, it is fundamental that *certiorari* is the only proper method of review of a special statutory proceeding, especially where, as in this case, no statutory review is provided. Even where an appeal is provided by statute, *certiorari* lies to the determination of the appellate tribunal. Examples of this are cases of bastardy (*Dunn* v. *Overseer*, 32 *N. J. L.* 275; *Ruff* v. *Kebler*, 62 *Id.* 186); non-support (*Decker* v. *McLorinan*, 42 *Id.* 413; *O'Shaughnessy* v. *McLorinan*, 43 *Id.* 410; *McLorinan* v. *Ryno*, 49 *Id.* 603), and summary convictions reviewed by the Common Pleas judge. *Newark* v. *Kazinski*, 86 *Id.* 59. The test is whether the proceeding is statutory and not according to the course of the common law. *Elder* v. *Medical Society*, 35 *Id.* 200, and cases cited; *Curtis* v. *Steever*, 36 *Id.* 305, 306; *Hisor* v. *Van-Diver*, 82 *Id.* 303. With respect to this statutory claim of property, *certiorari* has been the uniform method of review from an early era in our jurisprudence. Examples of such cases are *Baird* v. *Johnson* (1833), 14 *Id.* 120; *Obart* v. *Letson* (1839), 17 *Id.* 78; *Berry* v. *Chamberlain*, 53 *Id.* 463; *Folwell* v. *Fuller, Id.* 572; *Kaufhold* v. *Roth*, 74 *Id.* 61; *Gridley* v. *Decker*, 79 *Id.* 360.

Indeed, in *Berry* v. *Chamberlain, supra*, a leading case, Chief Justice Beasley lays stress throughout on the purely statutory character of the proceeding (see *pp.* 464, 468) and that resort to it is optional with both parties, and, on *p.* 466, remarks that as an incident "the entire affair, so far as the law is concerned, is under the supervision of this court through its prerogative writ of *certiorari*," and in a recent

*per curiam,* citing the Berry case, the Court of Errors and Appeals has just said that *certiorari* is the only appropriate remedy in a case of this kind. *Reiman* v. *Wilkinson, Gaddis & Co.,* 96 *Atl. Rep.* 52.

The case of *Trimmer* v. *Bonnell,* 65 *N. J. L.* 66, is relied on as authorizing appeal in this class of cases, but is manifestly not on the point, as that case related to a suit according to the course of the common law, and not to a statutory proceeding.

We have dealt with this matter of practice somewhat fully as an intimation to counsel that appeals in cases that should be brought up by *certiorari* are liable to be dismissed by the court of its own motion, as in *Trimmer* v. *Bonnell, supra,* and *Corbett* v. *Lynch,* 79 *N. J. L.* 126.

It has been remarked that the merit of the appeal has moved the court to consider it without a dismissal for the faulty practice. The trial was held with a jury and before one of the judges of the Common Pleas, pursuant to sections 32 and 33 of the Executions act. *Comp. Stat., p.* 2255. At the conclusion of the evidence the judge directed a verdict for the claimant, and this is attacked on the ground that there was a question of fact for the jury. Whether on such a trial the judge has power to direct in a proper case is not argued. In *Levinson* v. *Godfrey,* 79 *N. J. L.* 212, already cited, it seems to have been assumed; in *Folwell* v. *Fuller,* 53 *Id.* 572, a verdict was directed, but returned contrary to the direction. While the point is not necessary to the decision of this case, we incline to think that the right to direct exists as in other judicial proceedings when a jury is empaneled.

The direction in the present case, however, was erroneous, as the title was fairly in dispute. Defendant, O'Mara, was in possession of the property, consisting of household furniture and similar articles, and using them for his family in one part of a two-family house where he lived. Mary Hocke, the claimant, was his sister. She and he both testified generally that she had supplied him with the chattels in question, not as a sale or gift, but as a loan; that occasionally she took

some back, but seldom; that she was well off and her brother poor, and she was glad to help him, and so on. Such testimony the execution creditor naturally could not very well find evidence to rebut or discredit, unless there was some chance admission of the parties to the contrary. Opposed to it were the presumption of ownership arising from possession by defendant (16 *Cyc.* 1074; 32 *Id.* 677, 678; *Magee* v. *Scott,* 9 *Cush.* 148); the inherent improbability of the loan theory as applied to all the articles claimed, especially in view of the interest of the defendant in blocking the levy, and of his sister in helping him; and several flaws in the testimony from which the inferences of gift instead of loan as to some of the articles, and of purchase by defendant as to others were deducible. It was recently held by the Court of Errors and Appeals, in *McCormack* v. *Williams, 95 Atl. Rep.* 978, that the presumption of consideration arising from the possession by the payee, of promissory notes, was not conclusively rebutted by evidence otherwise uncontradicted, tending to show lack of consideration. A similar rule is applicable here.

For these reasons the direction of a verdict will be set aside.