**MICHEL et v NIERMANN et, Excrs**

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1045. Decided June 8, 1931

Judge Carroll Sprigg and Judge John Haas, Dayton, for Calvert.

Judge H. M. Routzohn, Dayton, for Niermann et.

HORNBECK, .J

Counsel for defendant, Calvert, divides his general proposition into three points: Statutory presumption, Common law presumption, and the obligation of a court sua sponte to deny relief when and if the illegality of a transaction, as claimed by the defendant, Calvert, appears. Counsel seeks to make distinction between the statutory presumption which arises in favor of the validity and consideration of a note upon it being admitted or proved that it was signed and executed by the maker thereof, as provided in §8129 GC and the presumption of its legality under like proof or admission. However, counsel admits that upon such proof there is presumption of the valid consideration and likewise of legality. In either situation proof of want of consideration or illegality must be at least sufficient to counterbalance the presumption. And as there is such presumption, when any evidence is offered tending to meet it, it becomes necessary to weigh the evidence because the presumption has weight.

There is a nice question if a defense of a void note, by reason of a violation of §5965 GC, is not in the same class as a defense of want of consideration for any purpose, such as is found in **Ginn v Dolan, 81 Oh St, 121**. But as we view the record, this question is not in the case for the reason that defendant, Calvert, has not urged it. It also appears that he has adopted the theory that he was asserting an affirmative defense and the burden was therefore upon his client, as evidenced by the briefs and special charges Nos. one and two, wherein he concedes the obligation of sustaining proof of the affirmative matter, set up in the answer, by a preponderance of the evidence.

We are of opinion that the evidence of gaming transactions set up in the answer is directed to the consideration for the note and that the question of its legality is not separate and apart therefrom although in our view of the case this determination is immaterial. When a violation of the statute appears there is a failure of consideration because of the illegality of the consideration.

Upon a thorough examination of the question, we have been unable to find any discussion of the specific question as relates to the difference suggested in brief of counsel for defendant, Calvert. The standard texts treat the defense of gambling as it effects negotiable paper as illegality of consideration. In Wiert v Stubblefield, a leading case, 17 App., D.C., 283 it is referred to as "Gambling consideration". Three Ruling Case Law, page 954, it is held:

"With uniformity that a promissory note which is given pursuant to a gaming transaction is not enforceable by the payee who has notice of its **illegal consideration.**"

"It is contrary to sound public policy that Courts of Justice should be required to enforce contracts into which there does not enter the element of a good or valuable consideration."

Brannan's Negotiable Instruments Law, page 428,

"When a note was given partly for **illegal consideration** and partly for **lawful consideration,** the entire note was unenforceable."

And at page 433,

"None of common law real defenses are clearly specified in Section 55, but "fraud" may include fraud in factum, while **"illegal consideration"** conceivably includes forms

of illegality which statutes before the act made defenses against the holder in due course."

92 Central Law Journal, 27, in an article headed Illegality Under the Negotiable Instruments Law the subject is treated in the same general vein. Then too, we believe that the very terms of our statute relating to gaming, §5965 GC unequivocally relates the subject matter there inhibited to the consideration for bills and notes.

If there is nothing in this record from which the jury had a right to draw an inference of the validity of the consideration for the note other than the presumption of good consideration arising from the admission of the signing and execution thereof, we doubt our right to set the verdict aside.

Upon the special interrogatories and answers thereto the jury has put the record in such a state that the trial court would have been required to enter judgment for the plaintiff, even though the general verdict was for the defendant. It has said, first, that a requisite to declaring that the consideration for the $8500.00 note was based upon an illegal consideration is missing, namely, the knowledge of Lauterbach that the proceeds thereof were to be used in gaming transactions, coupled with the positive finding that the proceeds of the $3000.00 note sued upon were used to pay a portion of the $8500.00 note. Thus we are drawn to the nice question in this case, not only by the general verdict, but peculiarly by the special verdicts, namely, is there any evidence in the record from which the jury could properly have said that the whole consideration for the $3000.00 note was valid and not tainted with a purpose to use the proceeds for gaming.

At this juncture we might call attention to the fact that the answer of the defendant, Calvert, averred that the **sole** consideration for the note was for gambling purposes and the court in response thereto so charged. But special interrogatory No. 1 is directed to the proposition whether or not **any part** of the proceeds was to be used for gambling.

If we were passing on this case on the weight of the evidence we would have no hesitancy in saying that the verdict and judgment, were manifestly against the weight of the evidence. We are unable to read this record without an abiding conviction that at least some part of the money representative of the $3000.00 note was to be used for gambling purposes, which purposes were known to Lauterbach. The most convincing evidence to this effect is found in the testimony of Walter Long, who at page 36 of the record definitely indicated the purpose for which the $8500.00 was raised, namely, to be used as a pool in the booking of horses, and he further states that it was so used. But there was much testimony from some of which it was possible that the jury may have drawn the inference that the transaction incident to the loan of $8500.00 was lawful. It is to be noted that the testimony of Judge Sprigg, although in the main tending to show that the transactions related to gambling, also disclosed that Mr. Lauterbach in the conferences, to which much of the testimony related, insisted at all times that the money owed him was a valid obligation. This was competent testimony as being a part of the conversation offered, and in conjunction with other circumstances lends some color, at least, to support an inference favorable to plaintiffs which might be gleaned from other parts of the evidence. As a matter of fact such proof was meager, indeed, but we cannot say that there was no evidence whatever upon which the jury could base its general verdict and its answers to the special interrogatories.

McCormick v Williams, 88 N. J. L., 170, 95 Atl. 978, was an action on a negotiable instrument with a defense of want of consideration. The plaintiff offered the notes in evidence and rested. The defendant and two other witnesses gave testimony which, if believed, showed that the notes lacked consideration. No witnesses were examined for the plaintiff. It is held that the trial court erred in directing a verdict for the defendant. The notes gave inherent evidence of validity. That all the individual witnesses, who testified gave evidence tending to show their invalidity, no matter how strong that evidence, raised, in effect, a conflict of testimony and conflicting testimony is always for the jury.

We recognize the correctness of counsel for defendant, Calvert, in asserting that it is the obligation of the Court on its own motion to intervene and prevent any recovery to be had upon a gambling transaction, but this can only be effectuated when and if the court does not invade the province of the jury.

It is further urged that the court erred in refusing to accept the testimony of defendants, Calvert and Michel. In our judgment the court committed no fault in refusing to accept this testimony.

No error appearing in this record which is manifestly prejudicial to defendant, Calvert, upon any of the grounds asserted in the petition in error, the judgment of the trial court will be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.