UNION COUNTY COURT OF COMMON PLEAS.

## THE INHABITANTS OF THE CITY OF PLAINFIELD, RESPONDENT, v. TIMOTHY O'DRISCOLL, APPELLANT.

Decided May 4, 1936.

For the respondent, *William Newcorn.*

For the appellant, *Edmund J. Kiely.*

McGRATH, C. P. J.   Police Officer Timothy O'Driscoll was dismissed from the Plainfield police department after a hearing by the common council of the city of Plainfield.   He now appeals to this court under chapter 29 of the laws of 1935, which provides that any person who shall be so removed may appeal such removal to the Court of Common Pleas, which shall proceed to hear the matter *de novo.*   The act applies only in those cities which have not adopted the provisions of the Civil Service act and the city of Plainfield has not adopted such provisions.

The city of Plainfield moves to dismiss the appeal on the ground that chapter 29 of the laws of 1935 is unconstitutional because it invades the constitutional prerogative of the Supreme Court to review by *certiorari* the action of an inferior tribunal.   This point has been disposed of in the cases of *Edwards* v. *Petry,* 90 *N. J. L.* 670; 101 *Atl. Rep.* 195, and *Newark* v. *Kazinski,* 86 *N. J. L.* 59; 90 *Atl. Rep.* 1016, which hold that such statutes amount to a mere regu-

lation since the judgment of the Common Pleas is ultimately supervised in the Supreme Court on *certiorari*. The test is whether the proceeding is statutory and not according to the course of the common law. *City Bank of Bayonne* v. *O'Mara*, 88 *N. J. L.* 499; 97 *Atl. Rep.* 149. The same principle applies where the appeal or review is by way of trial *de novo*. *State* v. *Court of Common Pleas of Essex County*, 2 *N. J. Mis R.* 1143; *City Bank of Bayonne* v. *O'Mara*, 88 *N. J. L.* 500.

It is further urged that the statute provides for appeal to the "court" rather than to the judge and that this would result in a jury trial. This, however, does not follow. Upon this appeal the Common Pleas do not exercise common law jurisdiction but only the statutory jurisdiction conferred. The implication is that the case is to be tried in accordance with the statutes governing the removal of police officers in such cases and in accordance with the principles laid down by the Supreme Court in numerous cases as to what constitutes a fair trial. See *Valentino* v. *Bird*, 57 *N. J. L.* 538; 31 *Atl. Rep.* 606.

The motion to dismiss the appeal on the ground that the statute is unconstitutional will, therefore, be denied.